# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR,<br><br>                Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>                Defendants. | CASE NO. 1:08-cv-01931-LJO-GBC PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE<br><br>(Doc. 27) |

## I.     Introduction

Plaintiff Orrin Carr ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint filed December 17, 2008, against Defendants Matthew Cate and James Yates for promulgating and implementing a vague regulation for "over familiarity" in violation of the Due Process Clause of the Fourteenth Amendment.  This matter is in the discovery stage.  Currently before the Court is Plaintiff's motion to compel discovery, filed October 20, 2010.  Defendants have not filed an opposition to Plaintiff's motion.

## II.    History Relating to Discovery

On June 6, 2010, Plaintiff filed a request for discovery of documents.  (Doc. 27, ¶ 1.) Defendants responded on July 26, 2010.  (Id., ¶ 2.)  Plaintiff wrote a letter to Defendants objecting that the response was inadequate and requesting Defendants supplement the response on August 8, 2010.  (Id., ¶ 3.)  Plaintiff did not receive a response, so a second letter was sent on September 5,

2010. (Id., ¶ 4.) On September 12, 2010, Plaintiff wrote a third letter regarding Defendants failure to respond and offered to compromise regarding the documents requested. (Id., ¶ 5.) Plaintiff received a response from Defendants on September 20, 2010. (Id., ¶ 6.) Plaintiff sent a letter objecting to Defendants responses on September 22, 2010. (Id., ¶ 7.)

### III.     Legal Standard

Initially, the Court advises Plaintiff, that although he attempts to couch his motion in terms of a class action, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Plaintiff may not obtain discovery based upon the affect the action will have upon a class of individuals.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (West 2010). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Defendant is required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents. Fed. R. Civ. P. 33(a), 34(a). If

2

Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.

## IV.     Discussion

### A.     Requests for Production of Documents Nos. 1-5

Plaintiff submitted requests for production of documents and Defendants provided documents responsive to each request. (Doc. 27, pp. 12-15.) In response to Plaintiff's objection to Defendants response, Defendants clarified that there are multiple regulations that can be charged as over familiarity. (Id., p. 44.) Plaintiff requests the Court to compel Defendants to produce documents which Defendants have stated do not exist or admit that there are no regulations explaining acts of over familiarity and how they are punished. Since Defendants have produced responsive documents, the issue of whether they provide sufficient notice to Plaintiff will be a trial issue and is not subject to a motion to compel. The request for production of additional documents or an admission that they do not exist is denied.

### B.     Request for Production of Documents Nos. 7-8

**POD 7:** "Provide copies of all serious and administrative rule violation reports issued for the specific act charge of 'familiarity', '[o]ver-familiarity', or '[o]ver-[f]amiliarity' at Pleasant Valley State Prison in the last fifteen (15) years."

**POD 8:** "Provide copies of all serious and administrative rule violation reports issued for the specific act charge of "[f]amiliarity', '[o]ver[-f]amiliarity'[,] or '[o]ver-[f]amiliarity' at the Correctional Training Facility in the last twenty [20] years."

**Ruling: :** Defendants objected to both of these requests as being "over broad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and request[s] the confidential personal information of other inmates, which is protected by state law."

Defendants objection that the information contained in the reports is confidential is not persuasive. To the extent that any information contained in a rule violation report was confidential it would be capable of being redacted. However, Plaintiff is requesting fifteen to twenty years of rule

violation reports from two separate facilities and the requests for production are overly broad and burdensome to Defendants. Plaintiff refers to Rule 26 of the Federal Rules of Civil Procedure, however, the broad discovery provided by Rule 26(a) is not available in prisoner cases. Fed. R. Civ. Proc. 26(a)(1)(B)(iv). Absent an offer of proof as to the relevance and how he plans to use the information at trial, Plaintiff is not entitled to production of the documents requested.

Plaintiff alleges that the requested documents will allow him "to show how inmates are being charged for innocent behavior" and the reports are being "used to intimidate, harass or retaliate against inmates." (Doc. 27, p. 10.) Plaintiff is again advised that he is not pursuing a class action suit. All evidence at trial must be admissible as to his claims against Defendants. Plaintiff's motion to compel is denied without prejudice.

**V.     Conclusion and Order**

Accordingly, Plaintiff's motion to compel, filed October 20, 2010 is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:     November 25, 2010

UNITED STATES MAGISTRATE JUDGE