# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR,<br><br>                    Plaintiff,<br><br>         v.<br><br>MATTHEW CATE, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:08-cv-01931-LJO-GBC PC<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION TO COMPEL AND GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL<br><br>(Docs. 27, 35) |

## I.    Introduction

Plaintiff Orrin Carr ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint filed December 17, 2008, against Defendants Matthew Cate and James Yates for promulgating and implementing a vague regulation for "over familiarity" in violation of the Due Process Clause of the Fourteenth Amendment.  This matter is in the discovery stage.  On November 29, 2010, the Court issued an order denying Plaintiff's motion to compel, without prejudice. (Doc. 33.)  Currently before the Court is Plaintiff's motion for reconsideration, filed on December 16, 2010.  (Doc. 35.)  Defendants did not file an objection.

## II.   History Relating to Discovery

On June 6, 2010, Plaintiff filed a request for discovery of documents.  (Doc. 27, ¶ 1.) Defendants responded on July 26, 2010.  (Id., ¶ 2.)  Plaintiff wrote a letter to Defendants objecting that the response was inadequate and requesting Defendants supplement the response on August 8,

1  2010. (Id., ¶ 3.) Plaintiff did not receive a response, so a second letter was sent on September 5,
2  2010. (Id., ¶ 4.) On September 12, 2010, Plaintiff wrote a third letter regarding Defendants failure
3  to respond and offered to compromise regarding the documents requested. (Id., ¶ 5.) Plaintiff
4  received a response from Defendants on September 20, 2010. (Id., ¶ 6.) Plaintiff sent a letter
5  objecting to Defendants responses on September 22, 2010. (Id., ¶ 7.)

**III.  Legal Standard**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or it's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).

The Court denied Plaintiff's motion to compel stating "[a]bsent an offer of proof as to the relevance and how he plans to use the information at trial, Plaintiff is not entitled to production of the documents requested." In his motion to reconsider, Plaintiff asserts that the documents requested in POD Request 7 and 8 are necessary for him to prove his claim that the regulation is being arbitrarily applied. In his request for production of documents Plaintiff requested that Defendants:

**POD 7:** "Provide copies of all serious and administrative rule violation reports issued for the specific act charge of 'familiarity', '[o]ver-familiarity', or '[o]ver-[f]amiliarity' at Pleasant Valley State Prison in the last fifteen (15) years."

**POD 8:** "Provide copies of all serious and administrative rule violation reports issued for the specific act charge of "[f]amiliarity', '[o]ver[-f]amiliarity'[,] or '[o]ver-[f]amiliarity' at the Correctional Training Facility in the last twenty [20] years."

Plaintiff claims that the regulation is vague and various acts or behaviors are being charged as over familiarity. Prison staff "make up" what they want to charge as over familiarity because there are "no descriptions, definitions, policies, bulletins, criteria or guidelines for prison staff to follow." (Doc. 1, p. 4.) The Court agrees that these documents appear to be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (West 2010). However, the extent of discovery requested in the POD requests is over broad and burdensome.

In his complaint, Plaintiff alleges that on January 16, 2003, he was placed in administrative

segregation after being charged with over familiarity at Pleasant Valley State Prison. He was again placed in administrative segregation after being charged with over familiarity on December 14, 2005. The Court will grant Plaintiff's request in part, subject to the limitations that follow. Since the incidents occurred at Pleasant Valley State Prison the request will be granted as to that facility only. Additionally, since the two incidents alleged occurred in 2003 and 2005, the Court will order discovery of rule violation reports for the period beginning one year prior through one year after the incidents alleged. Therefore, Defendants are to produce rule violation reports charging inmates with over familiarity at Pleasant Valley State Prison from January 1, 2002 through December 31, 2006.

Finally, the Court cannot assume what information will be contained in the rule violation reports. Since Defendants failed to file an objection to either the motion to compel or the motion for reconsideration, the Court cannot make a determination on whether the reports contain confidential information, as Defendants objected in the response to the production of documents.

Defendants shall provide Plaintiff with the relevant documents requested within forty-five days from the date of service of this order. If, after checking with the appropriate record keeping department, Defendants stand by their contention that this request is burdensome, or information in the rule violation reports may be confidential, Defendants shall so notify the Court within thirty days from the date of service of this order and the Court will revisit this objection.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is granted;
2. Plaintiff's motion to compel a response to POD 7 is granted, subject to the limitations set forth in this order;
3. The remainder of the Court's November 29, 2010 order remains in force;
4. If defendants are able to locate documents that satisfy POD 7, Defendants shall serve a response to POD 7 **within forty-five days** from the date of service of this order; and
5. In the alternative, if after checking with the appropriate record keeping department Defendants stand by their contention that this request is burdensome or believe the information contained in the rule violation reports is confidential, Defendants shall

so notify the Court **within thirty days** from the date of service of this order and the Court will revisit this objection.

IT IS SO ORDERED.

Dated: January 7, 2011

UNITED STATES MAGISTRATE JUDGE