# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR, | CASE NO. 1:08-cv-01931-LJO-GBC PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Docs. 37, 38) |
| MATTHEW CATE, et al., | |
| Defendants. | |

I. **Procedural History**

Plaintiff Orrin Carr ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint filed December 17, 2008, against Defendants Matthew Cate and James Yates for promulgating and implementing a vague regulation for "over familiarity" in violation of the Due Process Clause of the Fourteenth Amendment. This matter is in the discovery stage. Plaintiff filed a motion to compel on October 20, 2010. (Doc. 27.) On November 24, 2010, Defendants filed an opposition to the motion to compel. (Doc. 32.) This was not docketed prior to the order denying Plaintiff's motion to compel being signed and an order striking the opposition as moot was entered on December 1, 2010. (Doc. 34.) On November 29, 2010, the Magistrate Judge issued an order denying Plaintiff's motion to compel, without prejudice. (Doc. 33.) Plaintiff filed a motion for reconsideration on December 16, 2010. (Doc. 35.)   The Magistrate Judge granted reconsideration and issued an order partially granted Plaintiff's motion to compel. (Doc. 36.) Plaintiff was seeking all rule

1

1  violation reports issued for the charge of over-familiarity at Pleasant Valley State Prison in the last
2  fifteen years and the Correctional Training Facility in the last twenty years. The Magistrate Judge
3  found that the records were "reasonably calculated to lead to the discovery of admissible evidence,"
4  however as requested it was over broad and burdensome. Since Plaintiff had been charged with
5  over-familiarity on January 16, 2003, and December 14, 2005, while housed at Pleasant Valley State
6  Prison, the Magistrate Judge ordered the Defendants to produce rule violation reports issued for the
7  charge of over-familiarity at Pleasant Valley State Prison from January 1, 2002 through December
8  31, 2006. Additionally, the Magistrate Judge included in the order that if, after checking with the
9  appropriate record keeping department, Defendants stood by their contention that the request was
10 burdensome or the information contained in the reports was confidential they shall notify the Court
11 within thirty days.

12         Plaintiff filed an objection to the order on January 20, 2011, stating that since Defendants had
13 not filed an objection the court should assume Plaintiff's contentions are true and grant his requests.
14 Plaintiff complains that reducing discovery to "just four years[1] at one prison is too severe of a
15 reduction." (Doc. 37, p. 4.) Additionally, Plaintiff objects to the Magistrate Judge allowing
16 Defendants to bring any objections. Plaintiff is requesting the Defendants not be allowed to revisit
17 any objections and for the court to grant the request for the rule violation reports from both
18 institutions for the entire period requested. Defendants filed an opposition on January 27, 2011.
19 (Doc. 38.) In the opposition, Defendants state that Pleasant Valley State Prison is comprised of 5
20 separate facilities and houses 5,100 inmates. The disciplinary reports for each facility are kept
21 separately and the retention schedule for disciplinary records is five years. The records ordered by
22 the Magistrate Judge have been requested by counsel for Defendants. (Id. at 3.)

23 **II.    Discussion**

24         Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections
25 to a Magistrate Judge's non-dispositive order within ten days. In this court , this type of objection
26 is treated as a motion for reconsideration by the assigned District Court Judge and should be

---

28 [1]The Court notes that the Magistrate Judge ordered five years of disciplinary reports be produced by Defendants.

2

captioned "Request for Reconsideration." <u>See</u> Local Rule 303.  The District Court Judge is to use "the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f).

Under Federal Rule of Civil Procedure 26(b)(2)(C) "the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . or the burden or expense of the proposed discovery outweighs its likely benefit . . . ." The Magistrate Judge's determination that requiring Defendant to provide documents from two separate facilities that total thirty-five years of documents was not clearly erroneous or contrary to law.  Plaintiff was charged with rule violations while housed at Pleasant Valley State Prison making the records for that facility relevant to his claim.  The complaint did not allege that he was charged with a rule violation at the Correctional Training Facility and those records were properly denied.  Moreover, Plaintiff's request is for fifteen years of documents, an unreasonable period of time.  <u>See</u> <u>Kowalski v. Stewart</u>, 220 F.R.D. 559, 602 (D.Ariz. 2004) (holding that the plaintiff's request for thirteen years of medical records is an unreasonable period of time).  Accordingly, the Magistrate Judge ordered Defendants to produce documents for a year prior to and a year after the dates of Plaintiff's rule violations, encompassing five years of records.

It was within the broad discretion of the court in conducting discovery to allow Defendants an opportunity to readdress the burdensome nature of the order and the confidential nature of any contents of the documents.  <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1256 (9th Cir. 1999).  The Magistrate Judge's order merely allows Defendants to bring objections if they found the documents ordered to be produced were unavailable or the process would be too burdensome or documents contained confidential information that would threaten the security of the institution.  If Defendants bring such a motion Plaintiff will have the opportunity to address the objections prior to the court issuing a decision.

///

///

///

///

1    In the present case, the Court finds that Petitioner has not demonstrated that the Magistrate Judge's decision was either clearly erroneous or contrary to law.  Accordingly, Petitioner's motion for reconsideration is DENIED.

   IT IS SO ORDERED.

**Dated:   January 31, 2011**            /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE