UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR, | CASE NO.   1:08-cv-01931-LJO-GBC (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE A LIMITED RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FILE A RESPONSE SHOWING HE IS ENTITLED TO RELIEF PURSUANT TO RULE 56(d) |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |
| | / RESPONSE DUE WITHIN THIRTY DAYS |

**ORDER**

Plaintiff Orrin Carr ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's Complaint filed December 17, 2008 against Defendants Cate and Yates for violations of his Fourteenth Amendment Due Process rights.  (ECF Nos. 1 & 11.)

On May 24, 2011, Defendants filed a Motion for Summary Judgment ("MSJ").  (ECF No. 48.)  Plaintiff has not filed a response to the Motion, but has instead filed two motions regarding discovery and the continuance of the MSJ.  (ECF Nos. 54 & 57.)  Plaintiff asks

1

that the Court make a decision regarding rules violations reports requested in Plaintiff's Motion to Compel.[1] (ECF No. 27.) Plaintiff states that he is unable to formulate a response to the MSJ without the requested discovery.

The first argument contained in Defendants' MSJ is that Plaintiff's claim that he was denied due process is barred by the statute of limitations. (ECF No. 48-1, pp. 3-4.) If, in fact, Plaintiff's claim is barred by the statute of limitations, a determination on the merits and all discovery matters related to the merits become moot. It appears that responding to Defendants' statute of limitations argument does not require discovery of the rules violations reports. Thus, Plaintiff should be able to file a response to Defendants' statute of limitations argument without the requested discovery.

If, however, Plaintiff disagrees with the Court and feels that the requested discovery is necessary to respond to the statute of limitations argument, he may attempt to file a continuation of the MSJ pursuant to Federal Rule of Civil Procedure 56(d). Rule 56(d) requires that "a nonmovant show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. Pro. 56(d). The Court may then "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id.

Summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Jones v. Blanas, 393 F.3d 918,

---

[1] In its January 7, 2011 Order, the Court granted, in part, Plaintiff's Motion to Compel. The Court stated that Defendants were required to provide Plaintiff with the documents requested unless, after checking with the appropriate record keeping department, Defendants stood by their contention that the request was burdensome or information was confidential. If that was the case, Defendants were to notify the Court, which they did, and Plaintiff responded. (ECF Nos. 36, 37, 40 & 41.) The Court has yet to come to a conclusion on Plaintiff's request for discovery.

930 (9th Cir. 2004); <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 412 (9th Cir. 1988).  When a party moves for summary judgment before the opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any [Rule 56(d)] motion fairly freely."  <u>Burlington Northern Santa Fe R. Co. v. The Assiniboine</u>, 323 F.3d 767, 774 (9th Cir. 2003).  As such, summary judgment in the face of requests for additional discovery in cases involving pro se plaintiffs is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim.  <u>Jones</u>, 393 F.3d at 930; <u>Klingele</u>, 849 F.2d at 412.

In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and *how it would preclude summary judgment*."  <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998) (emphasis added) (district court correctly denied motion for continuance to engage in further discovery under former Rule 56(d) where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation").  The Ninth Circuit has stated that, under Rule 56(d), "the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." <u>Continental Maritime v. Pacific Coast Metal Trades</u>, 817 F.2d 1391, 1395 (9th Cir. 1987).

Under Rule 56(d), the plaintiff must also demonstrate how "additional discovery would have revealed specific facts precluding summary judgment." See <u>Tatum v. City and County of S.F.</u>, 441 F.3d 1090, 1101 (9th Cir. 2006).

A continuation of the MSJ under Rule 56(d) must only be sought, if Plaintiff can demonstrate that the requested discovery is **necessary** to respond to the statute of limitations argument, otherwise, Plaintiff should respond to the statute of limitations argument.  The Court notes that, here, it appears that there is no need for the requested rules violation reports for Plaintiff to respond to the statute of limitations argument.

Accordingly, IT IS HEREBY ORDER that:

1. Plaintiff must:

   A. File a response addressing the statute of limitations argument in Defendants' Motion for Summary Judgment; or, in the alternative,

   B. File a response to this Order demonstrating that he is entitled to relief under Rule 56(d).

2. Plaintiff's response is due within thirty days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   August 22, 2011

UNITED STATES MAGISTRATE JUDGE

4