# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR, | CASE NO. 1:08-cv-01931-LJO-GBC (PC) |
| Plaintiff, | ORDER VACATING ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| v. | |
| MATTHEW CATE, et al., | Doc. 36 |
| Defendants. | ORDER REQUIRING PLAINTIFF TO FILE A COMPLETE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY DAYS |
| / | Doc. 48 |

## I. Procedural History

On December 17, 2008, Plaintiff Orrin Carr ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Matthew Cate and James Yates ("Defendants"). In his complaint, Plaintiff asks the Court to declare "over familiarity" as an underground regulation and order an injunction against future charges of "over familiarity." Pl. Compl. at 3, Doc. 1.

On October 20, 2010, Plaintiff filed a motion to compel production of documents. Doc. 27. In that motion, Plaintiff requested the Court to compel Defendants to produce all citations issued for "over familiarity" for the last fifteen to twenty years. *See* Pl. Mot. Compel. Doc. 27. On November 29, 2010, the Court denied Plaintiff's motion to compel, without prejudice. Doc. 33. On December

16, 2010, Plaintiff filed a motion for reconsideration of the Court's order denying the motion to compel. Doc. 35. On January 7, 2011, the Court granted Plaintiff's motion for reconsideration of Plaintiff's motion to compel, in part. Doc. 36. The Court ordered Defendants to produce "over familiarity" citations within a four-year time frame. *See* Order at 3, Doc. 36. However, the Court left open the opportunity for Defendants to file objections, if the production of documents would be overly burdensome. *See* Order at 3-4, Doc. 36. On February 7, 2011, Defendants filed further objections to the order compelling production of documents, alleging that the request would be overly burdensome. Doc. 40.

On May 24, 2011, Defendants filed a motion for summary judgment. Doc. 48. On June 7, 2011, Plaintiff filed a first motion for extension of time to file an opposition to Defendants' motion for summary judgment. Doc. 51. On July 6, 2011, Plaintiff filed a motion for continuance of Defendants' motion for summary judgment until discovery is completed. Doc. 54. On July 29, 2011, Plaintiff filed a second motion for extension of time to file an opposition to Defendants' motion for summary judgment. Doc. 55. On August 1, 2011, the Court denied Plaintiff's motion for continuance of summary judgment until discovery is completed. Doc. 56. On August 15, 2011, Plaintiff filed a motion for reconsideration of the order denying Plaintiff's motion for continuance of summary judgment until discovery is completed. Doc. 57. On August 22, 2011, the Court ordered Plaintiff to file a limited response to Defendants' motion for summary judgment, solely addressing Defendants' argument that Plaintiff's 2003 claims are barred by the statute of limitations. Doc. 58. On September 27, 2011, Plaintiff filed an opposition to Defendants' motion for summary judgment, solely addressing Defendants' argument that Plaintiff's 2003 claims are barred by the statute of limitations. Doc. 58.

## II. Factual Background

On December 25, 2005, Plaintiff received a Rules Violation Report ("RVR") for a violation of 15 Cal. Code Regs. § 3013. Pl. Compl. Ex. B, Doc. 1; Defs. Obj. Ex. B, Doc 40. 15 Cal. Code Regs. § 3013 provides that, "Inmates may not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means." *Id.* The RVR states as follows:

> On Wednesday, December 14, 2005, at approximately 0900 hours, upon unlocking the laundry room door, I noticed an envelope stuck in the crack of the door. Inside the envelope was a Christmas card. Hand written, the card said, "Sorry." The card was signed, "Orin." [sic] The card was addressed, "Bonnie Steele." I identified "Orin" [sic] as being Inmate Carr . . . I immediately notified the Lieutenant of my findings . . . Carr's behavior was inappropriate and over familiar.

*Id.* At the hearing for the RVR, Plaintiff stated that he left a card with "Sorry" written on it to apologize for taking a blanket without asking from the laundry room. Defs. Obj. Ex. B, Doc 40. Plaintiff said he had no idea this would be considered against the rules. *Id.* Plaintiff alleges to have engaged in similar conduct in the past throughout his thirty years in prison with no negative results. *Id.* The Senior Hearing Officer ("SHO") found that:

> The line of questions by the defendant itself does suggest that the defendant seems to show too much attention towards staff since it reveals that the defendant acknowledges telling staff if she ever is in trouble he would come to her defense. Also, although most of the questions asked by the defendant to [Ms. Steele] do not have anything to do with the charges . . . it does again show how the defendant showed his unusual concern over staff safety. When considering this with the post card left for staff by the defendant, the relevant issues that make this charge be considered to be over familiar become clear . . . The . . . post card . . . depicted two baby-like angels in front and a printed message which read, "Goodwill, Good Tidings, Angels say for love was born on Christmas Day: To You Christmas Wishes." . . . The SHO finds that this card and the context is in fact inappropriate as the defendant meant the card for staff. Furthermore, when considering that the defendant acknowledges that he stole a blanket the day before, and was using the post card to apologize for his misconduct, the SHO finds that the card was then intended to gain special consideration by way of unlawful means (the post card) to avoid being disciplined for stealing the blanket.

*Id.* At the October 8, 2006 hearing, Plaintiff stated there were no regulations, rules, procedures, or guidelines prohibiting Plaintiff's conduct and the specific act of "over familiarity." *Id.* The SHO responded that the offense requires evidence that the inmate either asked for a gift or other special consideration from staff or that the inmate accepted a gift or expected special consideration from a staff member. *Id.*

### III. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

A court has the authority to limit discovery where the requests are burdensome or otherwise oppressive. Fed. R. Civ. P. 26(c); *Marrese v. Am. Academy of Orthopaedic Surgeons*, 706 F.2d 1488 (7th Cir. 1983); *Marshal v. Westinghouse Electric Corp.*, 576 F.2d 588 (5th Cir. 1978). "The district courts should not neglect their power to restrict discovery where justice required protection for a party or person form annoyance, embarrassment, oppression, or undue burden or expense." *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

### IV. Analysis

In the Court's order granting Plaintiff's motion for reconsideration of Plaintiff's motion to compel production of documents, the Court ordered Defendants to produce disciplinary offenses charging prisoners with "over familiarity" spanning a four-year time frame from 2002 through 2006. *See* Order Grant. Mot. Recons., Doc. 36. In Defendants' further objections to the Court's order granting the motion to compel, Defendants state that the disciplinary reports from 2002 through 2004 have been discarded and no longer exist. Defs. Obj. at 2, Doc 40. Defendants also note that reviewing the disciplinary reports from 2005 through 2006 would be overly burdensome as there were 3,048 rule violations, not including custodial counseling chronos. *Id.* at 3. Defendants state that it would take three to four weeks for prison staff to review all of the disciplinary reports from 2005 and 2006. *Id.* Moreover, Defendants point out that Plaintiff's disciplinary charges stem from an alleged violation of Title 15 of the California Code of Regulations Section 3013. *Id.* at 4. "Inmates shall not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means." *Id.* On Plaintiff's citation, the officer simply wrote "over familiarity" as a mere shorthand or description, but the actual citation was for violation of Section 3013. *Id.* Therefore, ordering Defendants to produce other inmate citations for violations of "over familiarity" would be overly burdensome and not likely to lead to admissible evidence since it is simply a shorthand description and not the actual code section violation.

### V. Conclusion

The Court finds Plaintiff's discovery request to produce other inmate citations for violations of "over familiarity" would be overly burdensome and not likely to lead to admissible evidence since it is simply a shorthand description and not the actual code section violation.

On a prior date, the Court ordered Plaintiff to only file a partial response to Defendants' motion for summary judgment, since the issue regarding Plaintiff's motion to compel was still pending. Doc. 58. However, this order resolves the outstanding issue of discovery, and Plaintiff is now required to submit a complete response to Defendants' motion for summary judgment. Accordingly, it is ORDERED that:

1. The Court's order granting Plaintiff's motion for reconsideration of Plaintiff's motion to compel production of documents is HEREBY VACATED; and

2. Plaintiff has **thirty (30) days** to file a complete response to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   December 22, 2011

UNITED STATES MAGISTRATE JUDGE