# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR, | CASE NO. 1:08-cv-01931-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | Docs. 56 & 57 |
| MATTHEW CATE, et al., | ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| Defendants. | Docs. 35 & 33 |

## I. Procedural History

On December 17, 2008, Plaintiff Orrin Carr ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Matthew Cate and James Yates ("Defendants"). In his complaint, Plaintiff asks the Court to declare "over familiarity" as an underground regulation and order an injunction against future charges of "over familiarity." Pl. Compl. at 3, Doc. 1.

On October 20, 2010, Plaintiff filed a motion to compel production of documents. Doc. 27. In that motion, Plaintiff requested the Court to compel Defendants to produce all citations issued for "over familiarity" for the last fifteen to twenty years. *See* Pl. Mot. Compel. Doc. 27. On November 29, 2010, the Court denied Plaintiff's motion to compel, without prejudice. Doc. 33. On December 16, 2010, Plaintiff filed a motion for reconsideration of the Court's order denying the motion to compel. Doc. 35. On January 7, 2011, the Court granted Plaintiff's motion for reconsideration of Plaintiff's motion to compel, in part. Doc. 36. The Court ordered Defendants to produce "over familiarity" citations within a four-year time frame. *See* Order at 3, Doc. 36. However, the Court left open the opportunity for Defendants to file objections, if the production of documents would be

overly burdensome. *See* Order at 3-4, Doc. 36. On February 7, 2011, Defendants filed further objections to the order compelling production of documents, alleging that the request would be overly burdensome. Doc. 40.

On May 24, 2011, Defendants filed a motion for summary judgment. Doc. 48. On June 7, 2011, Plaintiff filed a first motion for extension of time to file an opposition to Defendants' motion for summary judgment. Doc. 51. On July 6, 2011, Plaintiff filed a motion for continuance of Defendants' motion for summary judgment until discovery is completed. Doc. 54. On July 29, 2011, Plaintiff filed a second motion for extension of time to file an opposition to Defendants' motion for summary judgment. Doc. 55. On August 1, 2011, the Court denied Plaintiff's motion for continuance of summary judgment until discovery is completed. Doc. 56. On August 15, 2011, Plaintiff filed a motion for reconsideration of the order denying Plaintiff's motion for continuance of summary judgment until discovery is completed. Doc. 57. On August 22, 2011, the Court ordered Plaintiff to file a limited response to Defendants' motion for summary judgment, solely addressing Defendants' argument that Plaintiff's 2003 claims are barred by the statute of limitations. Doc. 58. On September 27, 2011, Plaintiff filed an opposition to Defendants' motion for summary judgment, solely addressing Defendants' argument that Plaintiff's 2003 claims are barred by the statute of limitations. Doc. 58. On December 22, 2011, the Magistrate Judge vacated the order granting, in part, Plaintiff's motion for reconsideration of the order denying Plaintiff's motion to compel production of documents and ordered Plaintiff to file a complete response to Defendants' motion for summary judgment within thirty days. Doc. 61.

## II. Analysis

Any ruling of a Magistrate Judge is subject to reconsideration if the party seeking reconsideration files a motion within fourteen days of the ruling. Local Rule 303(b). The order of a Magistrate Judge will be upheld unless it is "clearly erroneous or contrary to law," as set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f); Fed. R. Civ. P. 72(a).

In Plaintiff's first motion for reconsideration filed on December 16, 2010, he Plaintiff seeks to compel various documents in discovery related to his claim of "over familiarity." Doc. 35. The Court denies Plaintiff's motion to reconsider, based on the findings outlined in the Magistrate

Judge's December 22, 2011 order vacating the order granting, in part, Plaintiff's motion for reconsideration. Doc. 61.

In Plaintiff's second motion for reconsideration filed on August 15, 2011, he contends that he cannot file a complete response to Defendants' motion for summary judgment because the Court has yet to decide the outcome of his motion to compel. However, the Magistrate Judge's December 22, 2011 order also resolved the outstanding discovery issue.

### III. Conclusion

The orders of the Magistrate Judge denying Plaintiff's motion to compel and denying Plaintiff's motion for continuance of Defendants' motion for summary judgment were not "clearly erroneous or contrary to law." Therefore, Plaintiff's motions for reconsideration filed on December 16, 2010 and August 15, 2011 are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   December 26, 2011**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE