# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01931-LJO-GBC (PC)<br><br>ORDER OVERRULING OBJECTIONS TO ORDER BY MAGISTRATE JUDGE<br><br>Docs. 63 & 61 |

**I. Procedural History**

On December 17, 2008, Plaintiff Orrin Carr ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Matthew Cate and James Yates ("Defendants"). In his complaint, Plaintiff asks the Court to declare "over familiarity" as an underground regulation and order an injunction against future charges of "over familiarity." Pl. Compl. at 3, Doc. 1.

On October 20, 2010, Plaintiff filed a motion to compel production of documents. Doc. 27. In that motion, Plaintiff requested the Court to compel Defendants to produce all citations issued for "over familiarity" for the last fifteen to twenty years. *See* Pl. Mot. Compel. Doc. 27. On November 29, 2010, the Court denied Plaintiff's motion to compel, without prejudice. Doc. 33. On December 16, 2010, Plaintiff filed a motion for reconsideration of the Court's order denying the motion to compel. Doc. 35. On January 7, 2011, the Court granted Plaintiff's motion for reconsideration of Plaintiff's motion to compel, in part. Doc. 36. The Court ordered Defendants to produce "over familiarity" citations within a four-year time frame. *See* Order at 3, Doc. 36. However, the Court left

1 open the opportunity for Defendants to file objections, if the production of documents would be
2 overly burdensome. *See* Order at 3-4, Doc. 36. On February 7, 2011, Defendants filed further
3 objections to the order compelling production of documents, alleging that the request would be
4 overly burdensome. Doc. 40.

5     On May 24, 2011, Defendants filed a motion for summary judgment. Doc. 48. On June 7,
6 2011, Plaintiff filed a first motion for extension of time to file an opposition to Defendants' motion
7 for summary judgment. Doc. 51. On July 6, 2011, Plaintiff filed a motion for continuance of
8 Defendants' motion for summary judgment until discovery is completed. Doc. 54. On July 29, 2011,
9 Plaintiff filed a second motion for extension of time to file an opposition to Defendants' motion for
10 summary judgment. Doc. 55. On August 1, 2011, the Court denied Plaintiff's motion for continuance
11 of summary judgment until discovery is completed. Doc. 56. On August 15, 2011, Plaintiff filed a
12 motion for reconsideration of the order denying Plaintiff's motion for continuance of summary
13 judgment until discovery is completed. Doc. 57. On August 22, 2011, the Court ordered Plaintiff to
14 file a limited response to Defendants' motion for summary judgment, solely addressing Defendants'
15 argument that Plaintiff's 2003 claims are barred by the statute of limitations. Doc. 58. On September
16 27, 2011, Plaintiff filed an opposition to Defendants' motion for summary judgment, solely
17 addressing Defendants' argument that Plaintiff's 2003 claims are barred by the statute of limitations.
18 Doc. 58. On December 22, 2011, the Magistrate Judge vacated the order granting, in part, Plaintiff's
19 motion for reconsideration of the order denying Plaintiff's motion to compel production of
20 documents and ordered Plaintiff to file a complete response to Defendants' motion for summary
21 judgment within thirty days. Doc. 61. On December 27, 2011, this Court denied Plaintiff's motion
22 for reconsideration of the order denying Plaintiff's motion for continuance of summary judgment
23 until discovery is completed and Plaintiff's motion to compel. Doc. 62.

## II. Analysis

25     Any ruling of a Magistrate Judge is subject to reconsideration if the party seeking
26 reconsideration files a motion within fourteen days of the ruling. Local Rule 303(b). The order of
27 a Magistrate Judge will be upheld unless it is "clearly erroneous or contrary to law," as set forth in
28 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f); Fed. R. Civ. P. 72(a).

1    In Plaintiff's objections, he contends that in denying Plaintiff's motion to compel, the Magistrate Judge decided a genuine dispute of material fact. Pl. Obj. at 6, Doc. 63.

Local Rule 302(c)(1) refers all motions to compel discovery to the Magistrate Judge assigned to a case. Under this Rule, all discovery motions, including motions to compel, are referred to Magistrate Judges as non-dispositive matters for hearing and final disposition. Thus, the Magistrate Judge was within his authority to decide Plaintiff's motion to compel. However, even when reviewing the matter *de novo*, the Court finds that the decision by the Magistrate Judge was supported by the record and by proper analysis. Moreover, the District Court will conduct a *de novo* of any dispositive motions, including Defendants' pending motion for summary judgment.

### III. Conclusion

The order of the Magistrate Judge denying Plaintiff's motion to compel was not "clearly erroneous or contrary to law." Therefore, Plaintiff's objections filed on January 5, 2012 are HEREBY OVERRULED.

IT IS SO ORDERED.

**Dated:   January 25, 2012**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE