# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR, | CASE NO. 1:08-cv-01931-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING ACTION, WITH PREJUDICE |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | Doc. 48 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural Background**

On December 17, 2008, Plaintiff Orrin Carr ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On November 13, 2009, the Court found a cognizable claim against Defendants Matthew Cate, Secretary for the California Department of Corrections and Rehabilitation ("CDCR"), and James Yates, Warden for Pleasant Valley State Prison ("Defendants"), for promulgating and implementing a vague regulation for "over familiarity" in violation of the Due Process Clause of the Fourteenth Amendment. Doc. 11. In his complaint, Plaintiff asks the Court to declare "over familiarity" as an underground regulation and order an injunction against future charges of "over familiarity." Pl. Compl. at 3, Doc. 1.

On October 20, 2010, Plaintiff filed a motion to compel production of documents. Doc. 27. In that motion, Plaintiff requested the Court to compel Defendants to produce all citations issued for

"over familiarity" for the last fifteen to twenty years. *See* Pl. Mot. Compel. Doc. 27. On November 29, 2010, the Court denied Plaintiff's motion to compel, without prejudice. Doc. 33. On December 16, 2010, Plaintiff filed a motion for reconsideration of the Court's order denying the motion to compel. Doc. 35. On January 7, 2011, the Court granted Plaintiff's motion for reconsideration of Plaintiff's motion to compel, in part. Doc. 36. The Court ordered Defendants to produce "over familiarity" citations within a four-year time frame. *See* Order at 3, Doc. 36. However, the Court left open the opportunity for Defendants to file objections, if the production of documents would be overly burdensome. *See* Order at 3-4, Doc. 36. On February 7, 2011, Defendants filed further objections to the order compelling production of documents, alleging that the request would be overly burdensome. Doc. 40.

On May 24, 2011, Defendants filed a motion for summary judgment. Doc. 48. On June 7, 2011, Plaintiff filed a first motion for extension of time to file an opposition to Defendants' motion for summary judgment. Doc. 51. On July 6, 2011, Plaintiff filed a motion for continuance of Defendants' motion for summary judgment until discovery is completed. Doc. 54. On July 29, 2011, Plaintiff filed a second motion for extension of time to file an opposition to Defendants' motion for summary judgment. Doc. 55. On August 1, 2011, the Court denied Plaintiff's motion for continuance of summary judgment until discovery is completed. Doc. 56. On August 15, 2011, Plaintiff filed a motion for reconsideration of the order denying Plaintiff's motion for continuance of summary judgment until discovery is completed. Doc. 57. On August 22, 2011, the Court ordered Plaintiff to file a limited response to Defendants' motion for summary judgment, solely addressing Defendants' argument that Plaintiff's 2003 claims are barred by the statute of limitations. Doc. 58. On September 27, 2011, Plaintiff filed an opposition to Defendants' motion for summary judgment, solely addressing Defendants' argument that Plaintiff's 2003 claims are barred by the statute of limitations. Doc. 59.

On December 22, 2011, the Magistrate Judge vacated the order granting, in part, Plaintiff's motion for reconsideration of the order denying Plaintiff's motion to compel production of documents and ordered Plaintiff to file a complete response to Defendants' motion for summary judgment within thirty days. Doc. 61. On December 27, 2011, the District Judge denied Plaintiff's

motion for reconsideration of the order denying Plaintiff's motion for continuance of summary judgment until discovery is completed and Plaintiff's motion to compel. Doc. 62. On January 5, 2012, Plaintiff filed objections to the order by the Magistrate Judge denying Plaintiff's motion to compel. Doc. 63. On January 23, 2012, Plaintiff filed a complete response to Defendants' motion for summary judgment. Doc. 65. On January 25, 2012, the District Judge overruled Plaintiff's objections to the Magistrate Judge's order denying Plaintiff's motion to compel. Doc. 66. On January 27, 2012, Defendants moved for an extension of time to file a reply to their motion for summary judgment, in order to investigate Plaintiff's assertion that he previously litigated the claim alleged in a prior state court action. Doc. 67. On February 9, 2012, Plaintiff filed a response to Defendants' motion for extension of time, stating that "Defendants were informed Plaintiff previously litigated the claim alleged in a prior state action within the copy of Plaintiff's complaint." Doc. 69.[1] On February 13, 2012, Defendants filed a reply to Plaintiff's complete response to their motion for summary judgment. Doc. 70.

## II. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party:

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

---

[1] It appears that Plaintiff's claims may be barred by res judicata. The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . . " *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). Plaintiff seems to concede this in his complaint, in his opposition to the motion for summary judgment, and in his response to Defendants' motion for extension of time. Docs. 1, 65 & 69. However, the Court does not find it necessary to reach the res judicata analysis, as the parties are at the summary judgment stage of the case.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

### III. Plaintiff's 2003 Claim

### A. Factual Background

On January 16, 2003, Plaintiff was placed in administrative segregation after being issued an administrative segregation notice because he was found in possession of an entire case of apples. Pl. Limited Opp'n. at 9, Doc. 59. On January 17, 2003, Plaintiff was issued a second administrative segregation notice, indicating that he was placed in administrative segregation for possession of a case of apples and because of certain allegations regarding staff. *Id.* The prison initiated an investigation into staff misconduct. *Id.* On January 28, 2003, Plaintiff was issued a third administrative segregation notice, indicating the Institutional Classification Committee determined that Plaintiff's retention in administrative segregation was for a pending investigation of "over familiarity." *Id.* Plaintiff was never disciplined for the apples and the investigation into staff misconduct was disregarded. *Id.*

//

**B. Statute of Limitations in § 1983 Prisoner Civil Rights Cases**

The Federal Civil Rights Act does not contain its own limitations period. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980). Therefore, federal courts apply the forum state's statute of limitations for personal injury torts. *Id.* A complaint is subject to dismissal under Rule 12(b)(6), if it appears from the face of the pleading that the action was filed after the applicable statute of limitations had expired. *Jablon v. Dean Whitter & Co.*, 614 F.3d 677, 682 (9th Cir. 1999). The statute of limitations is not jurisdictional, but must be raised as an affirmative defense. *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990). The statute of limitations for an action filed under 42 U.S.C. § 1983 is the state's general or residual statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. at 280; *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Effective January 1, 2003, the new statute of limitations in California for assault, battery, and other personal injury claims is two years, instead of one. Cal. Code Civ. Proc. § 335.1 (West 2009); *Jones v. Blanas*, 393 F.3d 981, 927 (9th Cir. 2004). A § 1983 action filed after that date is governed by the new two-year statute of limitations for personal injury actions. *Id.* (citing *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004)). Federal courts apply state law governing the tolling of the statute of limitations as long as the result is not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). Prior to 1995, the statute of limitations was tolled during any continuous period of incarceration, unless the plaintiff was serving a life term. *See* former Cal. Code Civ. Proc. § 352(a)(3) [Statute of limitations tolled if plaintiff was "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."]; *Carlson v. Blatt*, 87 Cal. App 4th 646, 649 (2001). In 1995, the tolling statute was amended to provide for a two year period of tolling or non-life prisoners. *Id.*; Cal. Code Civ. Pro. § 352.1. Finally, the statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

**C. Analysis**

Plaintiff's January 2003 claim stems from his alleged unconstitutional retention in administrative segregation pending investigation of "over familiarity." Pl. Limited Opp'n at 9, Doc. 59. Since Plaintiff is entitled to two years of statutory tolling, Plaintiff had until January 2007 to file

a complaint pursuant to § 1983. Moreover, Plaintiff admitted that he did not file a prison claim or grievance in 2003, so tolling for exhaustion would not apply. *See* Pl. Limited Opp'n at 9, Doc. 59 (Plaintiff said even if he knew of the constitutional violations he probably would not have pursued a claim in 2003); Pl. Opp'n at 13 & 55-62, Doc. 65 (Plaintiff chose not to pursue a claim in 2003, but filed an appeal in 2006 for his 2005 claim).[2] Therefore, when Plaintiff filed his complaint in December 2008, it was six years after he was placed in administrative segregation, and almost two years after the statute of limitations expired.

In Plaintiff's response to Defendants' assertion of statute of limitations, Plaintiff contends that the Court should hear his 2003 claims because he is not challenging any due process violations, he is only challenging that "over familiarity" is a vague "underground regulation." Pl. Limited Opp'n at 2, Doc. 59; Pl. Opp'n at 9-10, Doc. 65. However, in order to challenge a statute as unconstitutional in a § 1983 action, Plaintiff must have suffered a constitutional deprivation. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, to the extent Plaintiff alleges that he is solely challenging the constitutionality of "over familiarity" and not any constitutional deprivation, such a claim would not be cognizable under § 1983. Regardless, Plaintiff cannot pursue his due process claims from 2003, since they are barred by the statute of limitations.

Plaintiff contends that the "continuing violation doctrine" should apply to his case. Pl.

---

[2] It appears that Plaintiff may not have properly exhausted his 2003 claim prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Since Plaintiff did not file an inmate appeal until 2006, his appeal as to the 2003 claim would have been untimely, which would mean that he did not satisfy the requirements for exhaustion. Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his 2003 claim is not currently before this Court.

Limited Opp'n at 3, Doc. 59; Pl. Opp'n at 10-11, Doc. 65. "The continuing violation doctrine is intended to allow a victim of systematic discrimination to recover for injuries that occurred outside the applicable limitations period, as where an employee has been subject to a policy against the promotion of minorities." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238 (9th Cir. 1991). The continuing violation doctrine has also been applied where the alleged discriminatory acts are related closely enough to constitute a continuing violation. *DeGrassi v. City of Glendora*, 207 F.3d 636, 645 (9th Cir. 2000). In this case Plaintiff's allegations do not constitute a continuing violation. Plaintiff alleges charges of "over familiarity" in 2003 and 2005. In 2003, Plaintiff was retained in administrative segregation pending charges of "over familiarity" with prison staff regarding Plaintiff's possession of an entire case of apples. Pl. Limited Opp'n. at 9, Doc. 59. In 2005, Plaintiff received a Rules Violation Report ("RVR") for giving a Christmas card to an officer, and the officer described the offense as "over familiarity." Pl. Compl. Ex. B, Doc. 1. Therefore, Plaintiff's alleged claims occurred in two distinct time periods for two distinct factual circumstances, which would not constitute a continuing violation. Accordingly, the Court finds that Plaintiff's 2003 claim is barred by the statute of limitations.

### IV. Plaintiff's 2005 Claim

### A. Factual Background

On December 14, 2005, Plaintiff received an RVR and was placed in administrative segregation for a violation of Title 15 of the California Code of Regulations § 3013. Pl. Opp'n at 37-38 & 52, Doc. 65. Section 3013 provides that, "Unlawful Influence. Inmates may not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means." Cal. Code Regs. tit. 15, § 3013. The RVR stated as follows:

> On Wednesday, December 14, 2005, at approximately 0900 hours, upon unlocking the laundry room door, I noticed an envelope stuck in the crack of the door. Inside the envelope was a Christmas card. Hand written, the card said, "Sorry." The card was signed, "Orin." [sic] The card was addressed, "Bonnie Steele." I identified "Orin" [sic] as being Inmate Carr . . . I immediately notified the Lieutenant of my findings . . . Carr's behavior was inappropriate and over familiar.

Pl. Opp'n at 39 & 52, Doc. 65. At the hearing for the RVR, Plaintiff stated that he left a card with "Sorry" written on it to apologize for taking a blanket without asking from the laundry room.[3] Defs. Obj. Ex. B, Doc 40. Plaintiff said he had no idea this would be considered against the rules. *Id.* Plaintiff alleged to have engaged in similar conduct in the past throughout his thirty years in prison with no negative results. *Id.* The Senior Hearing Officer ("SHO") found that:

> The line of questions by the defendant itself does suggest that the defendant seems to show too much attention towards staff since it reveals that the defendant acknowledges telling staff if she ever is in trouble he would come to her defense. Also, although most of the questions asked by the defendant to [Ms. Steele] do not have anything to do with the charges . . . it does again show how the defendant showed his unusual concern over staff safety. When considering this with the post card left for staff by the defendant, the relevant issues that make this charge be considered to be over familiar become clear . . . The . . . post card . . . depicted two baby-like angels in front and a printed message which read, "Goodwill, Good Tidings, Angels say for love was born on Christmas Day: To You Christmas Wishes." . . . The SHO finds that this card and the context is in fact inappropriate as the defendant meant the card for staff. Furthermore, when considering that the defendant acknowledges that he stole a blanket the day before, and was using the post card to apologize for his misconduct, the SHO finds that the card was then intended to gain special consideration by way of unlawful means (the post card) to avoid being disciplined for stealing the blanket.

*Id.* At the October 8, 2006 hearing, Plaintiff stated there were no regulations, rules, procedures, or guidelines prohibiting Plaintiff's conduct and the specific act of "over familiarity." *Id.* The SHO responded that the offense requires evidence that the inmate either asked for a gift or other special consideration from staff or that the inmate accepted a gift or expected special consideration from a staff member. *Id.*

### B. Analysis

In Plaintiff's response to Defendants' motion for summary judgment, Plaintiff contends that he is not challenging any due process violations, he is only challenging that "over familiarity" is a vague "underground regulation." Pl. Opp'n at 13-14, 17, 30-36, Doc. 65. However, as stated previously, in order to challenge a statute as unconstitutional in a § 1983 action, Plaintiff must have

---

[3] In Plaintiff's opposition to the motion for summary judgment, Plaintiff states he had permission to take the blanket and the SHO's findings were fabricated. Pl. Opp'n at 45, Doc. 65. However, whether Plaintiff was actually guilty of violating § 3013 is not relevant to Plaintiff's claim that the term "over familiarity" is a vague "underground regulation."

suffered a constitutional deprivation. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *See West*, 487 U.S. at 48. Thus, to the extent Plaintiff alleges that he is solely challenging the constitutionality of "over familiarity" and not any constitutional deprivation, such a claim would not be cognizable under § 1983.

Plaintiff's disciplinary charges stem from an alleged violation of Title 15 of the California Code of Regulations § 3013. *Id.* at 4. "Inmates shall not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means." *Id.* On Plaintiff's citation, the officer simply wrote "over familiarity" as a mere shorthand or description, but the actual citation was for violation of § 3013. *Id.* If the officer had found Plaintiff guilty of "over familiarity," without any sort of reference or citation to an actual statute or code section violation, Plaintiff may have had a more successful claim for a vague "underground regulation."[4] However, Plaintiff's claim of an "underground regulation" fails, as a matter of law, since the officer cited Plaintiff with an actual code section violation and simply used "over familiarity" as the shorthand description.

### V. Plaintiff's New Allegations of Retaliation

Plaintiff now alleges that his 2003 and 2005 charges of "over familiarity" were acts of retaliation. Pl. Opp'n at 13 & 20, Doc. 65. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

---

[4] The same premise would apply to Plaintiff's example of another inmate's "over familiarity" citation. Plaintiff alleged that the RVR issued to inmate Aguirre demonstrates the misuse of the word "over familiarity" and the implementation of a vague regulation. Pl. Opp'n at 25-26, Doc. 65. According to the RVR submitted by Plaintiff, the officer also cited inmate Aguirre for a violation of § 3013. *Id.* at 69, Ex. E. Therefore, the officer's use of an actual code section negates Plaintiff's assertion that Defendants promulgated and implemented a vague regulation in violation of the Due Process Clause of the Fourteenth Amendment.

and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

First, Plaintiff has not sought leave of this Court to amend his complaint to allege First Amendment retaliation. From Plaintiff's response, it appears that Plaintiff is not seeking to amend his complaint but merely asserting his personal belief for the underlying actions by the officers. *See* Pl. Opp'n at 13 & 20, Doc. 65. Second, the Court notes that Plaintiff did not allege First Amendment retaliation in his complaint, and he has not raised a claim of First Amendment retaliation in any of his prior filings in this case. *Goldyn v. Clark County, Nevada*, 346 Fed. Appx. 153 (9th Cir. 2009) (Although leave to amend is typically freely given, the plaintiff sought to amend her complaint over two months after the scheduling order's deadline. The district court did not abuse its direction by denying the plaintiff's belated motion, particularly given that she sought to add parties who she'd known were involved from the beginning. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If th[e] party was not diligent, the inquiry should end.")). *Baumer v. Lemke*, 187 F.3d 646 (9th Cir. 1999) (Plaintiff did not seek leave to amend until summary judgment proceedings were underway and the proposed amendment did not address deficiencies in the first amended complaint but sought to add new claims and defendants. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990)).

Third, the sole Defendants in this action are Matthew Cate, Secretary for the CDCR, and James Yates, Warden for Pleasant Valley State Prison. Plaintiff did not name the officers who allegedly retaliated against him by charging him with "over familiarity." Moreover, Plaintiff does not allege that the named Defendants acted in retaliation or were aware of the alleged retaliation. With respect to supervisory, managerial, or executive-level personnel, Plaintiff must still demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to

prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235.

Fourth, Plaintiff's allegations do not rise the level of First Amendment retaliation. Although Plaintiff claims that the prison took an adverse action against him, he has not alleged that he was engaged in First Amendment protected conduct; that the action chilled his First Amendment rights; or that the action did not reasonably advance a legitimate correctional goal. Therefore, notwithstanding his late pleading for retaliation, Plaintiff has not alleged facts to support a claim for First Amendment retaliation. Furthermore, in the three years this case has been pending, Plaintiff has never made allegations in a filing with the Court that would support a claim of First Amendment retaliation, and the Court finds that leave to amend would be futile as well as prejudicial to Defendants at this late stage in the proceedings. "Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'" *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). *See Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). "A motion for leave to amend is not a vehicle to circumvent summary judgment." *Schlacter–Jones v. General Tel. of Calif.*, 936 F.2d 435, 443 (9th Cir. 1991). Thus, Plaintiff's allegations of retaliation for his 2003 and 2005 claims, brought for the first time in his opposition to Defendants' motion for summary judgment filed three years after initiating this civil action, are

DISMISSED, with prejudice.

## VI. Conclusion and Recommendation

Summary judgment is appropriate because there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's 2003 claim is DISMISSED, with prejudice, as barred by the statute of limitations;
2. Defendants' motion for summary judgment, filed May 24, 2011, is GRANTED;
3. Plaintiff's 2005 claim is DISMISSED, with prejudice;
4. Plaintiff's allegations of retaliation for his 2003 and 2005 claims are DISMISSED, with prejudice;
5. This action is dismissed, with prejudice; and
6. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 21, 2012

UNITED STATES MAGISTRATE JUDGE