UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN CARR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:08-cv-01931-LJO-SAB (PC)<br><br>NOTICE OF THIS COURT'S EXPEDITED TRIAL SETTING PROCEDURES UPON CONSENT OF ALL PARTIES |

　　　　Due to the extraordinarily high case load held by the district court judges in the Fresno Division of this district, trials in civil rights actions concerning prison conditions can and often are conducted by a United States Magistrate with the consent of all the parties.  As a result, a trial conducted by a Magistrate Judge is far more likely to proceed on the scheduled trial date, as the trial will not be delayed by other matters.  Presently, when a civil trial is set before a district judge, any criminal trial which conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent a specific and stated finding of good cause.  Instead, the civil trial may <u>trail</u> from day to day or week to week until the completion of either the criminal case or the older civil case.  Consenting to the jurisdiction of a Magistrate Judge for all purposes will most likely expedite resolution of this action and result in an earlier trial date due to the Court's present trial schedule.

1

As a result, the parties are reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action. A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit. Even if you have already declined magistrate judge jurisdiction you may now consent.

If all parties in this action consent to the jurisdiction of a United States Magistrate Judge for all purposes, this Court will immediately schedule a trial setting hearing. If the parties participated in this expedited procedure, at the trial setting hearing, the Court will conduct the following:

1. Set the matter for trial before this Court, acknowledging that if a dispositive motion renders the trial moot then the trial will be vacated. The trial will be set for a date certain and will not be subject to the trailing policy; and
2. By agreement of the parties, vacate any unnecessary previously set deadlines, such as dispositive motion deadlines, where the parties stipulate that such deadlines are unnecessary and the parties desire to proceed to trial more expeditiously after the closing of the discovery deadlines.

Additionally, in consent cases, this Court strives to prioritize decisions on motions for cases proceeding in this expedited fashion since a trial date is set and the Court does not wish to delay the trial due to pending motions. As a result, the Court must give greater priority to these matters than non-consent cases in order to avoid changing any future deadlines involving the case and the trial date.

After any ruling on a dispositive motion, and if claims still exist for trial, the Court will hold a trial confirmation hearing to confirm the case for trial on the date previously set, establish deadlines for the filing of motions in limine and pre-trial statements, and set the separate pretrial and motion in limine hearings.

Consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District, if the matter proceeds to trial under this process, the Court will handle the actual trial just as any other civil case which comes before the Court.

///

1  Withholding consent or declining jurisdiction of a Magistrate Judge for all purposes will have no effect on the merits of a party's case or have any adverse substantive consequences. A party may also consent at any time, even if they have previously declined.

IT IS SO ORDERED.

Dated: **January 27, 2015**

UNITED STATES MAGISTRATE JUDGE

3